UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC CARTER,<br><br>        Plaintiff,<br><br>    v.<br><br>H. FLORES, et al.,<br><br>        Defendants. | 1:17-cv-00245-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) NOTIFY THE COURT THAT HE IS WILLING TO PROCEED ONLY ON THE CLAIM FOR EXCESSIVE FORCE AGAINST DEFENDANTS LONGORIA AND FLORES;<br><br>(2) FILE A FIRST AMENDED COMPLAINT;<br><br>OR<br><br>(3) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT, SUBJECT TO THE COURT ISSUING FINDINGS AND RECOMMENDATIONS CONSISTENT WITH THIS ORDER<br><br>(ECF NO. 1)<br><br>THIRTY DAY DEADLINE |

      This is a civil action filed by Dominic Carter ("Plaintiff"), a state prisoner proceeding *pro se*. This action was initiated by the filing of a civil complaint in Kings County Superior Court on November 23, 2016 (Case #16-C0379). (ECF No. 1, p. 4). On February 16, 2017, defendants Flores, Godwin, Goree, Longoria, and Pacillas removed the case to federal court by filing a notice of removal of action pursuant to 28 U.S.C. § 1441(a). (Id. at pgs. 1-2). Within the notice of removal, these defendants requested that the Court screen Plaintiff's complaint under 28 U.S.C. § 1915A. (Id. at p. 2). On February 21, 2017, defendant Brown filed a joinder to the notice of removal and request for screening. (ECF No. 5). On February 23, 2017, the Court granted the

request for the Court to screen the complaint. (ECF No. 6). The complaint is now before the Court for screening.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff was confined at California State Prison, Corcoran ("Corcoran") when the alleged constitutional violations occurred. Plaintiff names as defendants: 1) M. Voong (Chief, Inmate

Appeal(s)); 2) R. Pimentel (Appeals Examiner); 3) S. Longoria (Correctional Officer); 4) H. Flores (Correctional Officer); 5) C. Brown (Correctional Lieutenant); 6) M. Bejarno (Correctional Lieutenant); 7) R. Godwin (Correctional Captain); 8) A. Pacillas (Correctional Counselor II); and 9) D. Goree (Correctional Counselor II). Plaintiff's allegations follow.

On August 5, 2014, Plaintiff entered facility 3A's Classroom No. 3. He approached a table occupied by inmate Smith, and had a disagreement with Smith. To deescalate the situation, Plaintiff walked away from Smith to another table occupied by other inmates. While at that table, Plaintiff was attacked by Smith.

Plaintiff grabbed Smith in an attempt to stop him from assaulting Plaintiff, and Plaintiff fell to the floor.

Defendants Longoria and Flores responded to the alarm. Upon seeing Defendants Longoria and Flores run into the classroom, Plaintiff tried to push Smith away, so that Plaintiff could prone out. However, defendant Longoria pulled out his can of Oleoresin Capsicum Pepper Spray. He then emptied the whole can of Pepper Spray on Plaintiff, even though Plaintiff was not fighting.

After defendant Longoria emptied his can of Pepper Spray, he yelled for defendant Flores to spray Plaintiff (defendant Longoria stated "spray that fucking Carter!"). Defendant Flores then emptied his can of Pepper Spray on Plaintiff.

On August 7, 2014, defendant Longoria authored a Rules Violation Report ("RVR"), asserting that Plaintiff violated California Code of Regulations, Title 15, § 3005(d)(1), specifically for "Fighting Resulting In The Use of Force, And SBI." Defendant Longoria falsely asserted: "On Tuesday, August 5, 2014, at approximately 0847 hours, while performing my duties as 3A Yard Officer #1, I was standing in front of facility 3A Education performing clothed body searches of inmates assigned to Education when the personal alarm system activated from inside 3A Education. I immediately yelled, 'get down' as I responded into the education area. I approached Classroom #3 and I observed two (2) inmates fighting at the rear of the classroom. The inmates were later identified as SMITH (H-83863/3AO1-119L) and CARTER (J-73232/3AO5-236U). Inmates SMITH and CARTER were on the floor, repeatedly punching each

other in the face and upper torso area.  I entered the classroom and I ordered inmates SMITH and CARTER to get down but my orders were ignored as they continued punching each other in the face.  I unholstered my state issued MK9 Oleoresin Capsicum (OC) Pepper Spray canister and from a distance of approximately six (6) feet, I dispersed one (1) continuous burst of pepper spray at inmates SMITH and CARTER.  The pepper spray made contact with inmates SMITH and CARTER's face and head, which was my intended target area.  The pepper spray did not have its desired effect as inmates SMITH and CARTER continued fighting.  Officer FLORES then utilized his Mk9 pepper spray canister and from a distance of approximately six (6) feet, administered one (1) continuous burst of pepper spray at inmates SMITH and CARTER striking them in the face.  The pepper spray had its desired effect and caused inmate SMITH and CARTER to stop fighting and assume prone positions…."

The RVR was reviewed by Correctional Sergeant J. Gonzales.  It was then classified by Correctional Lieutenant Llamas as a serious offense and Division "D," per California Code of Regulations, Title 15, § 3323(f)(10).

Later, defendant Brown adjudicated the RVR.  Plaintiff entered a not guilty plea and attested that he walked away to try to calm the situation, which was supported by Plaintiff's primary witness Education Teacher D. Huerta's testimony.

Defendant Brown found Plaintiff guilty of the false charge.  Among other things, defendant Brown relied on the RVR, which was authored by defendant Longoria.  Defendant Brown failed to assess Plaintiff's credibility, or the credibility of Huerta.  Defendant Brown also did not consider their testimony that defendant Brown was not impartial.

On June 29, 2015, Plaintiff appealed defendant Brown's failure to consider Plaintiff and Huerta's testimony.  Plaintiff asked that the findings for the RVR be dismissed and/or adjusted by removing the SBI charge from the record.

On October 13, 2015, defendants Pimentel and Voong found sufficient evidence to warrant a modification of the Second Level Review, which was conducted by defendant Pacillas.  They found that a due process error occurred, and ordered that the RVR be reissued/reheard.  They also ordered Corcoran to direct the Chief Disciplinary Officer to change the classification of

the RVR to the specific act of "Battery on An Inmate With Serious Bodily Injury ('SBI')," and to classify it as a Division A1 Offense (they increased the offense because Plaintiff exercised his appeal rights).

On November 4, 2015, Defendant Bejarano adjudicated the RVR. After allowing Plaintiff to enter a not guilty plea, and hearing testimony from Huerta and Plaintiff, defendant Bejarano changed the charge to "Fighting," a Division "D" Offense, in violation of California Code of Regulations, Title 15, § 3313(b).

After considering the evidence, including the RVR, the typewritten statement by Plaintiff, and the testimony provided by Huerta, defendant Bejarano found Plaintiff guilty of the illegally changed charge of fighting.

On December 15, 2015, Plaintiff filed an appeal challenging the disciplinary hearing. Plaintiff's appeal was screened out on numerous occasions. Plaintiff alleges that the complaint was screened out at least once for retaliatory reasons. Eventually Plaintiff submitted a staff complaint/appeal against defendants Pacillas and Goree for intentionally rejecting Plaintiff's appeal concerning the due process violations during the adjudication of the RVR, but defendants Pacillas and/or Goree intentionally destroyed it.

One morning, while on the Facility 3A yard, Plaintiff saw defendants Pacillas and Goree, and asked them why they did not process Plaintiff's staff complaint against them. Defendant Pacillas said "because we threw it away." Then defendants Pacillas and Goree both started laughing.

Plaintiff brings three claims: 1) Excessive force in violation of the Eighth Amendment against defendants Longoria and Flores; 2) Denial of Plaintiff's due process rights in violation of the Fourteenth Amendment against defendants Brown, Bejarano, Voong, Pimentel, Pacillas, Goree, and Godwin; and 3) Retaliation in violation of the First Amendment against defendants Brown, Bejarano, Voong, Pimentel, Pacillas, Goree, and Godwin.

### III.     EVALUATION OF PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

5

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must

be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted)

**A. Eighth Amendment Claim for Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (quotations omitted). For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore

discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. Hudson, 503 U.S. at 9-10; Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Plaintiff's complaint states a claim for unconstitutional excessive force against defendants Longoria and Flores. Plaintiff has alleged that these defendants emptied their entire cans of pepper spray on Plaintiff even though Plaintiff was not fighting.

**B. Fourteenth Amendment Claim for Violation of Plaintiff's Due Process Rights**

Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system. See Wolff v. McDonnell*,* 418 U.S. 539, 556 (1974). Prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply. See id. But the Due Process Clause requires certain minimum procedural protections where serious rules violations are alleged, the power of prison officials to impose sanctions is narrowly restricted by state statute or regulations, and the sanctions are severe. See id. at 556–57, 571–72 n.19.

Wolff established five constitutionally mandated procedural requirements for disciplinary proceedings. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Id. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." Id. Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." Id. (quoting Morrissey v. Brewer*,* 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566. And fifth, "[w]here an illiterate inmate is involved [or] the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or ... to have

adequate substitute aid ... from the staff or from a[n] ... inmate designated by the staff." Id. at 570.

Additionally, "some evidence" must support the decision of the hearing officer. Superintendent v. Hill, 472 U.S. 445, 455 (1985). The standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached…." Id. at 455-56.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983. Buckley, 997 F.2d at 495.

Plaintiff fails to state a claim for violation of his due process rights. First, as described above, Plaintiff has neither a liberty interest nor a substantive right in the inmate grievance process. Thus Plaintiff fails to state a cognizable claim for the processing and/or reviewing of his appeals/staff complaint.

Second, based on the allegations, it appears that Plaintiff received all the process to which he was due in his second RVR hearing.[1] There was a hearing, Plaintiff was allowed to testify, Plaintiff was allowed to call witnesses, it appears that the hearing officer relied on numerous

---

[1] Plaintiff has not stated a claim for violation of his due process rights based on the first RVR hearing because there is no procedural due process claim if the procedural error was corrected through the administrative appeal process. Frank v. Schultz, 808 F.3d 762, 764 (9th Cir. 2015). See also Morissette v. Peters, 45 F.3d 1119, 1122 (7th Cir. 1995) ("There is no denial of due process if the error the inmate complains of is corrected in the administrative appeal process."). Here, even if there were procedural errors in the first RVR hearing, they were corrected by having the RVR reheard.

9

pieces of evidence, and it appears that there was a written decision. None of Plaintiff's allegations, even if true, show a violation of the standards laid out in Wolf and Superintendent.

Accordingly, Plaintiff has failed to state a due process claim against any defendant.

### C. First Amendment Claim for Retaliation

Prisoners have a First Amendment right to be free from retaliation for filing grievances against prison officials. Waitson v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). A retaliation claim has five elements. Id. at 1114. First, the plaintiff must show that the underlying conduct is protected. Id. The filing of an inmate grievance is protected conduct, Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005), as are the rights to speech and to petition the government, Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). Second, the plaintiff must show the defendant took adverse action against the plaintiff. Rhodes, at 567. Third, the plaintiff must show a causal connection between the adverse action and the protected conduct. Waitson, 668 F.3d at 1114. Fourth, the plaintiff must show that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Rhodes, 408 F.3d at 568. Fifth, the plaintiff must show "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." Rizzo, 778 F.2d at 532.

Plaintiff's claim for retaliation fails against all defendants because Plaintiff has alleged no facts that would show a causal connection between the adverse actions and Plaintiff's protected conduct. Instead, Plaintiff makes conclusory allegations that he was retaliated against for filing appeals. This is not enough to state a cognizable claim for retaliation.

### IV. CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and finds that it states a cognizable claim for unconstitutional excessive force against Defendants Longoria and Flores. The Court finds that the complaint states no other cognizable claims against these defendants or against any other defendant.

In light of this conclusion and the law cited above, Plaintiff shall choose between

proceeding only on the claim for unconstitutional excessive force against Defendants Longoria and Flores, amending the complaint if Plaintiff believes that additional facts would establish additional claims or claims against additional defendants, or standing on the current complaint subject to the Court issuing findings and recommendations to the district judge consistent with this order.

Should Plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff is advised that a short, concise statement of the allegations in chronological order will assist the court in identifying his claims. Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of Plaintiff's rights. Plaintiff should also describe any harm he suffered as a result of the violation.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to file an amended complaint, he is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:
   a. Notify the Court in writing that he does not wish to file an amended complaint and is instead willing to proceed only on the claim for unconstitutional excessive force against defendants Longoria and Flores;
   b. File a First Amended Complaint; or
   c. Notify the Court in writing that he does not agree to go forward on only the claims found cognizable by this order or file an amended complaint, in which case the Court will issue findings and recommendations to the district judge consistent with this order.
3. Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:17-cv-00245-EPG; and
4. <u>Failure to comply with this order will result in the dismissal of this action</u>.

IT IS SO ORDERED.

Dated:  **March 20, 2017**         /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

12