UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC CARTER, | 1:17-cv-00245-DAD-EPG (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF PRO BONO COUNSEL |
| v. | (ECF NO. 9) |
| H. FLORES, et al., | |
| Defendants. | |

Dominic Carter ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On April 10, 2017, Plaintiff filed a notice, which included, among other things, a request for appointment of pro bono counsel. (ECF No. 9).

Plaintiff asks for "appointment of civil counsel, to assist Plaintiff with his claim." Plaintiff provides no explanation as to why he needs counsel.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances

the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time. At this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. While at the screening stage the Court found that Plaintiff's complaint stated a cognizable claim (ECF No. 7), the assigned district judge has not yet ordered that the case proceed on that claim. Moreover, based on the record in this case, the Court finds that Plaintiff can adequately articulate his claims and respond to court orders. Plaintiff is advised that he is not precluded from renewing the motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: __April 11, 2017__          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE